# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ARIF A. DURRANI,
     Petitioner,

       v.

UNITED STATES OF AMERICA,
     Respondent.

No. 5:86-cr-59 (SRU)

## Ruling on Petitioner's Pending Motions

In 1987, Petitioner Arif Durrani ("Durrani") was convicted of violating the Arms Export Control Act, 22 U.S.C. § 2778, and the accompanying International Traffic In Arms regulations, 22 C.F.R. § 120 et seq., by shipping Hawk missile parts to Iran without a license. He was sentenced to a term of incarceration. The Second Circuit Court of Appeals affirmed Durrani's conviction. *United States v. Durrani*, 835 F.2d 410 (2d Cir. 1987).

On July 15, 1988, Durrani filed a motion to reduce his sentence. Durrani argued that "important new information" established that he was eligible to receive a more lenient sentence. *Id.* at 207. United States District Judge T.F. Gilroy Daly denied the motion, holding that no new information exists to warrant a grant of leniency. Judge Daly held that his conclusion was supported by the fact that "the record reveals that [the] defendant on several occasions has committed or has caused to be committed falsehoods in the pretrial, trial and post-trial proceedings in this matter, reflecting a complete disdain for the law and this Court." *Id.* at 208.

On March 4, 1990, Durrani collaterally attacked his sentence in accordance with 28 U.S.C. § 2255 on the basis that the government improperly withheld evidence favorable to his defense. In an attempt to comply with Durrani's discovery request, the government asked the Office of Independent Counsel ("OIC") to produce documents that, to the extent possible, would

substantiate Durrani's claims.  After an in camera review of the produced documents, Judge Daly ordered some of the documents to be disclosed to Durrani.  Nevertheless, the documents were insufficient to substantiate Durrani's claims.  Durrani moved for voluntary dismissal of his action in May 1992 and the matter was dismissed with prejudice on December 31, 1992, on account of Durrani's failure to timely re-file.  Durrani did not appeal.

In January 2002, Durrani filed a petition to vacate his conviction by writ of error *coram nobis* or *audito querela*.  I denied the petition and the accompanying request for discovery, holding that it was based on the same grounds raised in his section 2255 motion and thus was procedurally barred.  Alternatively, I concluded Durrani had failed to satisfy the conditions for either writ.  I denied his discovery requests because: (1) they were overly burdensome and duplicitous to the discovery he had already been afforded; (2) he had failed to raise a colorable claim under *Brady v. Maryland*, 373 U.S. 83 (1963); and (3) he had failed to appeal the denial of his section 2255 motion.  The Second Circuit affirmed the denial of the petition on the merits, after assuming Durrani was not procedurally barred, on November 24, 2004.  *United States v. Durrani*, 115 F. App'x 500 (2d Cir. 2004).

Having fully served his sentence of imprisonment and been released from custody, Durrani was later arrested and convicted of additional charges in 2006 in the Southern District of California.  Durrani is currently serving a term of incarceration as a result of his 2006 conviction at the Cibola County Correctional Center in Milan, New Mexico.

In 2007, Durrani once again attempted to collaterally attack his conviction.  Durrani filed 14 separate motions or petitions, all of which attempted to challenge either his two prior convictions, the forfeiture of his assets, or his immigration status.  I denied those motions in September 2009, holding that some claims were procedurally barred and others lacked merit.

2

Doc. # 43.  One of the motions that I denied in my September 2009 ruling related to the government's alleged failure to comply with its obligations under *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972).  I recognized that such claim had already been raised by Durrani and rejected by this court twice.  Further, I held that, even though he claimed to have discovered previously withheld documents, Durrani failed to point to any evidence that called into question the court's previous rulings.

Presently, Durrani has filed a series of motions, principally seeking once again to attack his twenty-seven-year-old conviction in this District.[1]  Many of his allegations relate to his claim, yet again, that the government failed to properly disclose evidence favorable to his defense in violation of *Brady* and Rule 16 of the Federal Rules of Criminal Procedure.  *See* doc. # 45.  This is the fourth time that Durrani has challenged his conviction based on the government's failure to provide him with the required disclosures under *Brady*.

In addition to his claims that the government failed to disclose exculpatory evidence, Durrani alleges that the trial judge, Judge Daly, erred when he quashed a subpoena *duces tecum* served by Durrani's trial counsel in March 1987.  Doc. # 45 at 5-21.  Durrani has filed a "Motion for an Order to Permit Discovery," in which he argues that he is entitled to receive records that were reviewed by Judge Daly as part of his in camera review of alleged *Brady* material.[2]  He also has filed a motion for a copy of the search warrant and inventory list made by Steven Arruda, one of the investigators in Durrani's case.  Doc. # 62.  Finally, Durrani moved for a *Monsanto*

---

[1] This is Durrani's sixth post-conviction attack on his sentence.
[2] The motion is styled as a memorandum in support of his motion to re-open his case, *see* doc. # 46, and it is associated with a later motion for discovery, doc. # 53, which requests disclosure of documents related to MAC Aviation and Richard Scott Tobey.

hearing, where he would be permitted to seek a partial return of the assets seized as a result of his two convictions for violating the Arms Export Control Act.  Doc. # 50.[3]

The government claims that Durrani's pending motions are either procedurally barred or lacking in merit.  For the reasons set forth below, I agree and accordingly deny Durrani's motion (doc. # 44) to re-open his case and motion (doc. # 50) for a *Monsanto* hearing as procedurally barred and deny his motions (docs. # 53, 62) for discovery as moot.

I.   **Discussion**

   A.   Motion to Re-open Case and Dismiss Indictment

Durrani first challenges Judge Daly's order quashing his subpoena *duces tecum* that sought documents in the government's possession that were allegedly favorable to his defense. The government argues that Durrani's claim is procedurally barred because he failed to raise the issue on direct review.  *See United States v. Durrani*, 835 F.2d 410, 425 (2d Cir. 1987).

A defendant who fails to present an issue on direct review may only raise it in a subsequent collateral attack if he can show either "(1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence."  *See Sapia v. United States*, 433 F.3d 212, 217 (2d Cir. 2005) (internal citations omitted).

As the Second Circuit held, Durrani failed to raise the present issue on direct review.  *See Durrani*, 835 F.2d at 425.  Durrani's motion does not make a showing of actual innocence, nor does he establish that he had good cause for failing to raise the issue on direct appeal.  Durrani's claims relate solely to the merits of his original subpoena and the alleged misconduct that the government undertook in refusing to produce certain documents.  The alleged discovery of

---

[3] Durrani has also filed a motion for an order directing the government to produce his permanent resident card and a motion for FOIA/PA records in the government's or court's possession.  Docs. # 52, 60.  Those motions are denied as moot because they were improperly filed.

previously undisclosed documents does not cure the procedural bar erected by Durrani's failure to pursue his subpoena on direct appeal.

As noted in my 2009 decision denying Durrani's motion to re-open his case, "Durrani cannot claim he was previously unaware of this issue and unable to challenge it." Doc. # 45 at 5. That is because "[h]e knew [about it] at the time of his indictment and later, at the time he was tried, convicted, appealed, and submitted four challenges to his conviction . . . ." *Id.* Similarly, Durrani cannot claim that he was unaware of the impact of quashing his subpoenas at the time his was tried and convicted. His failure to challenge Judge Daly's order quashing the subpoena bars him from asserting the claim in the instant motion. Accordingly, Durrani's motion (doc. # 44) to re-open his case on the ground that Judge Daly improperly quashed his subpoena is denied.

Even if his claim was not procedurally barred, his claim for re-opening his case based on Judge Daly's actions lacks merit. In affirming Durrani's conviction, the Second Circuit held that Durrani's trial was fair notwithstanding the fact that he was unable to access Iran-Contra documents in the government's possession. *Durrani*, 835 F.2d at 425-26. The Court held that, even if Judge Daly should have allowed Durrani to admit certain documents related to the Iran-Contra affair, the error was harmless. *Id.* at 426. The Court cast doubt on Durrani's claims that he was involved in the Iran-Contra scandal and held that such evidence would not have affected the jury's decision to reject Durrani's testimony as not credible. *Id.* Accordingly, even if not procedurally barred, Durrani would not be entitled to the re-opening of his case based on evidence that would not be able to disturb his conviction.

To the extent that his motion to re-open his case relies on the government's alleged failure to comply with its *Brady* obligations, those claims are similarly procedurally barred as

successive attempts at collateral relief.  Simply put, it is the fourth time that Durrani has raised

alleged *Brady* violations by the government.  *See* Doc. # 43 at 4 (outlining each prior instance

that Durrani has raised the same argument).  All of the prior challenges have been denied.

In my 2003 ruling denying Durrani's petition for a writ of *coram nobis*, I held that

Durrani was procedurally barred from re-litigating his *Brady* claims.  *See Durrani v. United*

*States*, 294 F. Supp. 2d 204, 210 (D. Conn. 2003).  The fact that he raises *Brady* claims twelve

years later does not change the analysis.  *Cf. id.* at 210-11 (applying the test in *Sanders v. United*

*States*, 373 U.S. 1, 15 (1963), to determine whether the claims are procedurally barred).

Durrani attempts to avoid the procedural bar of his claims by asserting that there is newly

discovered evidence.  However, newly discovered evidence, alone, is insufficient to overcome

the procedural bar against obtaining subsequent collateral relief.  *See Foont v. United States*, 93

F.3d 76, 80 (2d Cir. 1996).[4]  Accordingly, his *Brady* claims remain barred and cannot support his

motion (doc. # 44) to re-open his case.

Even if Durrani's motion to re-open his case was not barred by the prohibition on re-

litigating collateral claims for relief, Durrani's motion would still be barred as untimely.  Durrani

filed his motion to re-open the case and dismiss the indictment nearly 27 years after he was

convicted.  Like the government, the court is not aware of any procedural mechanism that

permits a defendant to move to re-open his case 27 years after it was decided.  To the extent that

Durrani seeks a new trial on the ground of newly discovered evidence, such a motion is untimely

because it was not filed within three years of the verdict.  *See* Fed. R. Crim P. 33(b)(1).  If cast as

a second petition for writ of *coram nobis*, it is similarly untimely, given the fact that I determined

Durrani's first petition to be untimely when it was filed twelve years ago.  *See Durrani*, 284 F.

---

[4] Even if newly discovered evidence could overcome the procedural bar, it does not do so in this case because the alleged newly discovered evidence does not credibly support Durrani's alleged connection to the United States government.  *See Durrani*, 284 F. Supp. 2d at 212.

Supp. 2d at 214-15.  Finally, to the extent that Durrani brings his motion under Rule 60, on the ground of newly discovered evidence, it is untimely because it was not filed within one year after the conviction.  *See* Doc. # 43 at 6.

Regardless of how Durrani's motion (doc. # 44) to re-open is styled, in the interests of the finality of a criminal conviction, the motion must be denied as untimely filed.

B.  <u>Motions for Discovery and a *Monsanto* Hearing</u>

Durrani's remaining motions are either without merit or moot.  Because I have denied Durrani's motion to re-open his case, there is no need to permit him to undertake further discovery into the alleged *Brady* material that was either not disclosed or reviewed in camera by Judge Daly, nor is he entitled to a copy of his search warrant.  As stated in my 2003 decision, Durrani "has previously been given extensive discovery" and has lost his chance to obtain further discovery on issues that he did not raise on direct appeal.  *Durrani*, 294 F. Supp. at 217.  The lack of a colorable claim, the extensive delay in submitting his discovery request, and the enormous burden that would be placed on the government to comply with his untimely requests all weigh against Durrani's requests for discovery.  *See id.* at 218.  Accordingly, Durrani's discovery motions (doc. # 46, 53, 62) are denied as moot.

Durrani's motion (doc. # 50) for a *Monsanto* hearing is denied because *Monsanto* has been abrogated by *Kaley v. United States*, 134 S. Ct. 1090 (2014) (abrogating *United States v. Monsanto*, 924 F.2d 1186 (2d Cir. 1991), and holding that the grand jury's determination of probable cause obviates the need for a later hearing).  A defendant no longer has a right to an adversarial, post-restraint, pretrial hearing to determine whether the restraint of the defendant's assets, preventing the defendant from being able to afford retained counsel, is supported by probable cause.  *Id.* at 1098.  "The grand jury's determination [of probable cause] is conclusive."

7

*Id.* Even if *Monsanto* had not been abrogated, Durrani would not have been entitled to a *Monsanto* hearing because he is no longer a criminal defendant in this case. He was tried and convicted in 1987 and was released from prison in 1992. Accordingly, Durrani's motion for a *Monsanto* hearing is denied.

## II.  Conclusion

For the foregoing reasons, Durrani's motion (doc. # 44) to re-open his case and motion (doc. # 50) for a *Monsanto* hearing are denied. Durrani's various motions (docs. # 46, 53, 62) for discovery of matters related to his criminal case are denied as moot. Durrani's motion (doc. # 52) for a permanent resident card and motion (doc. # 60) for FOIA/PA records are denied as improperly filed.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of November 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge