# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARIF A. DURRANI | No. 5:86-cr-59 (SRU) |

## Ruling on Pending Motions

The defendant, Arif Durrani, moves for relief from my November 23, 2015, Order (doc. # 64) denying his various requests for relief. *See* Docs. # 65, 66, 67. Like his prior requests, the current request for relief seeks to attack his twenty-eight-year-old conviction in this District. He argues that newly disclosed evidence lends further support to his claim that the government failed to properly disclose evidence favorable to his defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and Rule 16 of the Federal Rules of Criminal Procedure. This is the fifth time that Durrani has raised a challenge to his conviction based on the government's failure to provide him with the required disclosures under *Brady*.

In addition to his claims that the government failed to disclose exculpatory evidence, Durrani alleges that the newly disclosed evidence establishes that he was prejudiced by United States District Judge T.F. Gilroy Daly's failure to forward to the United States Court of Appeals the documents that he reviewed *in camera*. Durrani argues that, had Judge Daly done so, the Court of Appeals would have had sufficient evidence to overturn Durrani's conviction on the basis of the government's failure to disclose evidence favorable to the defense.

I.  **Background**

In 1987, Durrani was convicted of violating the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, and the accompanying International Traffic In Arms regulations, 22 C.F.R. § 120 *et seq.*, by shipping Hawk missile parts to Iran without a license. He was sentenced to a term of incarceration. The Second Circuit Court of Appeals affirmed Durrani's conviction. *United States v. Durrani*, 835 F.2d 410 (2d Cir. 1987).

On July 15, 1988, Durrani filed a motion to reduce his sentence. Durrani argued that "important new information" established that he was eligible to receive a more lenient sentence. *See Durrani v. United States*, 294 F. Supp. 2d 204, 207 (D. Conn. 2003), *aff'd*, 115 F. App'x 500 (2d Cir. 2004). Judge Daly denied the motion, holding that no new information existed to warrant a grant of leniency. Judge Daly held that his conclusion was supported by the fact that "the record reveals that [the] defendant on several occasions has committed or has caused to be committed falsehoods in the pretrial, trial and post-trial proceedings in this matter, reflecting a complete disdain for the law and this Court." *Id.* at 208.

On March 4, 1990, Durrani collaterally attacked his sentence in accordance with 28 U.S.C. § 2255 on the basis that the government improperly withheld evidence favorable to his defense. In an attempt to comply with Durrani's discovery request, the government asked the Office of Independent Counsel ("OIC") to produce documents that, to the extent possible, would substantiate Durrani's claims. After an in camera review of the produced documents, Judge Daly ordered some of the documents to be disclosed to Durrani. Nevertheless, the documents were insufficient to substantiate Durrani's claims. Durrani moved for voluntary dismissal of his section 2255 petition in May 1992 and the petition was dismissed with prejudice on December 31, 1992, on account of Durrani's failure to timely refile. Durrani did not appeal.

In January 2002, Durrani filed a petition to vacate his conviction by writ of error *coram nobis* or *audito querela*. I denied the petition and the accompanying request for discovery, holding that it was based on the same grounds raised in his section 2255 motion and thus was procedurally barred. Alternatively, I concluded Durrani had failed to satisfy the conditions for either writ. I denied his discovery requests because: (1) they were overly burdensome and duplicative of the discovery he had already been afforded; (2) he had failed to raise a colorable claim under *Brady v. Maryland*, 373 U.S. 83 (1963); and (3) he had failed to appeal the denial of his section 2255 motion. The Second Circuit affirmed the denial of the petition on the merits, after assuming Durrani was not procedurally barred, on November 24, 2004. *Durrani*, 115 F. App'x 500.

Having fully served his sentence of imprisonment and been released from custody, Durrani was later arrested and convicted of additional charges in 2006 in the Southern District of California. Durrani served a term of incarceration for those offenses and is currently in removal proceedings, presumably as a result of those offenses.[1]

In 2007, Durrani once again attempted to collaterally attack his conviction. Durrani filed 14 separate motions or petitions, all of which attempted to challenge either his two prior convictions, the forfeiture of his assets, or his immigration status. I denied those motions in September 2009, holding that some claims were procedurally barred and others lacked merit. Doc. # 43. One of the motions that I denied in my September 2009 ruling related to the government's alleged failure to comply with its obligations under *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972). I recognized that that claim had already been raised by Durrani and rejected by this court twice. Further, I held that, even though he claimed to have discovered

---

[1] Based on the Immigration and Customs Enforcement Detainee Locator, Durrani is currently being detained at the Theo Lacy Facility in Orange, California.

3

previously withheld documents, Durrani failed to point to any evidence that called into question the court's previous rulings.

Beginning in 2014, Durrani yet again sought to collaterally attack his conviction. He once again asserted that the government failed to properly disclose evidence favorable to the defense in violation of *Brady* and Rule 16 of the Federal Rules of Criminal Procedure. In addition, he argued that Judge Daly improperly quashed a subpoena *duces tecum* served by Durrani's trial counsel in March 1987, and he sought further discovery regarding the documents that Judge Daly reviewed *in camera* throughout the course of the proceeding. Finally, he filed a motion for a copy of the search warrant and inventory list made by one of the investigators in the case, and he requested a hearing at which he would be permitted to seek the partial return of assets seized as a result of his conviction.

On November 23, 2015, I denied Durrani's various pending requests for relief. Most relevant to the instant motion, I held that:

> Like the government, the court is not aware of any procedural mechanism that permits a defendant to move to re-open his case 27 years after it was decided. To the extent that Durrani seeks a new trial on the ground of newly discovered evidence, such a motion is untimely because it was not filed within three years of the verdict. *See* Fed. R. Crim P. 33(b)(1). If cast as a second petition for writ of *coram nobis*, it is similarly untimely, given the fact that I determined Durrani's first petition to be untimely when it was filed twelve years ago. *See Durrani*, 284 F. Supp. 2d at 214–15. Finally, to the extent that Durrani brings his motion under Rule 60, on the ground of newly discovered evidence, it is untimely because it was not filed within one year after the conviction. *See* Doc. # 43 at 6.
>
> Regardless of how Durrani's motion (doc. # 44) to re-open is styled, in the interests of the finality of a criminal conviction, the motion must be denied as untimely filed.

*Durrani v. United States*, 2015 WL 7451155, at *4 (D. Conn. Nov. 23, 2015).

In the instant motion, Durrani requests that I reopen his case and refile his motion (doc. # 44) because of evidence that he has recently recovered through Mandatory Declassification

4

Review ("MDR"). As a result of MDR, Durrani contends that he has discovered "Iran-Contra investigation records stored in the government files with 'Front Door' acronym retrievable under my name . . . ." Am. Rule 60(b) Mot. at 1 (doc. # 67). Although it is unclear exactly what Durrani means by that statement, it is clear that Durrani believes that the Front Door file was reviewed *in camera* by Judge Daly notwithstanding the fact that the Court "claimed" the file did not exist. *Id.* at 2. Durrani contends that the file contained *Brady* material that was improperly withheld from him and that, had it been disclosed, would have enabled him to mount a defense that would have likely altered the outcome of the proceeding. Specifically, he argues it would have corroborated his long-standing claim that he was acting on behalf of the government of the United States and thus not in violation of the AECA.

Durrani also claims that newly discovered evidence establishes that the government intentionally destroyed and/or hid evidence regarding his naturalization records in order to make it appear that he was not a U.S. citizen. *Id.* at 6. He points to minor discrepancies between the Petition for Naturalization used by the government in connection with his prosecution and the Petition for Naturalization that he received as part of a recent Freedom of Information Act request. He argued that such spoliation caused him to abandon his section 2255 proceedings and resulted in the denial of his section 2255 petition.

Finally, Durrani seeks to relitigate the argument that his indictment was defective because it failed to allege the "exception" to the AECA as an element of the offense. *Id.* at 10.[2]

---

[2] Although not relevant to my ruling regarding the untimeliness of Durrani's claims, I do note that the exception argument was raised and rejected on direct appeal. *See Durrani*, 835 F.2d at 420.

5

## II. Discussion

This is Durrani's seventh post-conviction attack on his sentence. Although styled as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, it was filed in his criminal case. Because Rule 60(b) cannot afford relief from a judgment of conviction in a criminal case, I must treat it as a request for reconsideration of my prior Order (doc. # 64) in this case, or as a request for relief from a prior judgment in his one of his prior civil habeas cases. *See Negron v. United States*, 164 F. App'x 158, 159 (2d Cir. 2006) ("Rule 60(b) cannot afford [the defendant] relief from his judgment of conviction in a criminal case."); *United States v. Clark*, 984 F.2d 31, 33 (2d Cir. 1993) (recognizing that a post-judgment motion for reconsideration can be filed in a criminal case, provided that it is timely filed). Either way, I decline to consider the merits of Durrani's claims.[3]

### A. Motion for Reconsideration in Criminal Case

If treated as a motion for reconsideration of my November 23, 2015 Order (doc. # 64) in Durrani's criminal case, it is denied as untimely. *See* D. Conn. L. Cr. R. 1(c); D. Conn. L. Civ. R. 7(c). Local Rule of Criminal Procedure 1(c) provides that (motions for reconsideration filed in criminal cases shall be treated in accordance with Local Rule of Civil Procedure 7(c), which governs motions for reconsideration filed in civil cases. Under Local Rule of Civil Procedure 7(c), motions for reconsideration must be "filed and served within fourteen (14) days of the filing of the decision or order from which relief is sought . . . ." D. Conn. L. Civ. R. 7(c). Because the

---

[3] To the extent that the motion is yet another petition for writ of *coram nobis*, under 28 U.S.C. § 1651(a), that request is denied as untimely for the same reasons I determined that such a petition was untimely when previously filed. *See Durrani v. United States*, 2015 WL 7451155, at *4 (D. Conn. Nov. 23, 2015).

6

instant request for reconsideration was filed nearly a year after my order, it is untimely under the Local Rules and will not be considered as a motion for reconsideration.[4]

B. Rule 60(b) Motion in Federal Habeas Case

If Durrani's motion is liberally treated as a Rule 60(b) motion in his federal habeas case, it fails because it is likewise untimely. Rule 60(b) permits a party to seek relief from a final judgment under a "limited set of circumstances[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Motions made under Rule 60(b)(1)–(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Motions made under other provisions of Rule 60(b) must be made "within a reasonable time." *Id.* Absent a claim that relief from judgment is warranted under a particular subsection of the Rule, the petitioner must rely on the "catch-all" provision found in Rule 60(b)(6). *See Gonzalez*, 545 U.S. at 529. Rule 60(b)(6) "permits reopening when the movant shows any reason justifying relief from the operation of the judgment other than the more specific circumstances set out in Rules 60(b)(1)–(5)." *Id.* (internal quotation marks and alterations omitted); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988).

Although Rule 60(b) generally "vests wide discretion in courts . . . relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez*, 545 U.S. at 535). To determine whether extraordinary circumstances exist, the court may consider a wide range of factors, including "the risk of injuries to the parties and the risk of undermining the public's confidence in the judicial process." *Id.* at 778 (quoting *Liljeberg*, 486 U.S. at 863–64).

---

[4] Even if it were timely, the motion does not point to any newly discovered evidence that would cause me to reconsider my prior ruling. As will be discussed below, the alleged newly discovered evidence relates to issues that have already been extensively litigated and decided long ago.

Rule 60(b) may not be used to advance a "claim" that is, in effect, a successive habeas petition. *Gonzalez*, 545 U.S. at 531. One indication that a claim is a successive habeas petition cloaked as a Rule 60(b) motion is "if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief." *Id.* at 532. A claim is properly brought under Rule 60(b) when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*

Durrani does not identify a particular provision of Rule 60(b) under which he brings this motion. His reference to the one-year statute of limitations and newly discovered evidence indicates that he is bringing the motion under Rule 60(b)(2). If that is the case, his motion must be filed "no more than a year after the entry of the judgment or order or proceeding." Fed. R. Civ. P. 60(c)(1). Although the motion purports to be within the one-year filing deadline because it seeks relief from my November 23, 2015 Order, the substance of the motion makes it clear that Durrani seeks relief from the judgment entered against him in 1987. Even if construed as a request to reconsider my prior judgment in Durrani's most recent habeas proceeding, it is untimely because that judgment entered on October 7, 2009. *See Durrani v. United States*, No. 3:07-cv-1196 (SRU) (doc. # 6).

Finally, even if it could be considered timely, Durrani's motion seeks to relitigate whether he received sufficient discovery under *Brady* and Rule 16 in order to mount a defense at trial. That is an argument that Durrani has raised in various motions over the last thirty years. His argument goes to the merits of his claims and is not properly brought under Rule 60(b).

8

Moreover, Durrani is barred from attempting to relitigate issues that have been decided many years ago.

The existence of new evidence—only tenuously related to his claims that he was an agent of the United States of America and a participant in the Iran-Contra affair—does not alter that conclusion. In affirming Durrani's conviction, the Second Circuit held that Durrani's trial was fair notwithstanding the fact that he was unable to access Iran-Contra documents in the government's possession. *Durrani*, 835 F.2d at 425–26. The fact remains that, "[i]n light of his implausible trial testimony, Durrani's assertion of official sanction for his action lacks any credibility." *Id.* at 426. Regardless of how Durrani's motion is styled, in the interests of the finality of a criminal conviction, the motion must be denied as untimely filed.

### III. Conclusion

For the foregoing reasons, Durrani's pending motions (docs. # 65, 66, 67) are denied.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of August 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

9